**UNITED STATES DISTRICT COURT**
**IN THE WESTERN DISTRICT OF MICHIGAN**


DAVID L GIBSON SR. & TANES J. TAYLOR, :
 :
  Plaintiff(s), :
v. : Case No.
 : Jury Trial Demanded

EQUIFAX INFORMATION SERVICES LLC

  Defendant(s).
_____/


## <u>COMPLAINT</u>

  The Plaintiff's, David L. Gibson Sr. and Tanes J Taylor ("Plaintiff's"), by and through their attorney, the Law Offices of Nicholas A. Reyna P.C., alleges the following:

### <u>Nature of Action</u>

  Plaintiff's brings this action against the Defendants, seeking damages and equitable relief, to redress the systemic violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq- hereinafter, "FCRA") by each respective Defendant.

### <u>Parties</u>

  1.  Plaintiff's David Gibson and Tanes Taylor, husband and wife ("Plaintiff's") are located in the Western District of Michigan residing in Galesburg, Michigan.

  2.  Defendant Equifax Information Services LLC ("Equifax") is an Atlanta, Georgia-based foreign limited liability company and credit information provider.  The Defendant is a FCRA-governed "consumer reporting agency" that selectively decides which information to provide to consumers that request the FCRA-governed information in its' possession and which information it will hide from consumers.

**Jurisdiction and Venue**

3.  This Court has jurisdiction under 15 U.S.C. § 1681p.  Venue in this jurisdiction is proper because the Defendants transact business here, the pertinent events took place here, and the Plaintiff resides here.  Furthermore, this action encompasses Federal jurisdiction relating to the Federal law claims under 28 U.S.C. § 1367.

**Factual Background**

4.  On February 13, 2023 a general civil complaint was filed by creditor Credit Acceptance Corporation against the Plaintiff's in the 8th District Court; pursuant to the May 5, 2023 Stipulated Order of Dismissal entered in the matter, the underlying balance was satisfied by payment by the Plaintiff in the amount of $2,000.00 which was tendered directly to the Law Firm representing Credit Acceptance. The matter thereafter was formally dismissed on or around May 9, 2023.

5.  After obtaining a copy of their credit reports supplied by defendant Equifax the Plaintiff's discovered that (A) the above-referenced now-satisfied account through Credit Acceptance continued to falsely report an account balance due of $8,561.00 and (B) a delinquency date of August 2019, while furthermore (C) incorrectly stating the subject account was due and owing despite a District Court Order approving a resolution and full settlement.

6.  Given the foregoing both Plaintiff's by and through counsel drafted and mailed a dispute to Defendant Equifax outlining the foregoing issues on or around August 3, 2023.

7.  The Plaintiff's subsequently received a response from Equifax, August 23, 2023 by co-Plaintiff Taylor and August 26, 2023 to co-Plaintiff Gibson. Both of these

reports continued to falsely report the debt was past due in the amount of $8,561.00 along with a false corresponding amount due of $8,561.00 all patently inaccurate. The wrongful suggestion of past due amounts or existing balances on accounts previously dismissed by court order and settlement suggested to any entity reviewing the credit report (e.g., for credit-granting purposes) that that debt remains due and owing as of the present date.

8.   Equifax maintained the inaccurate information in the Plaintiff's consumer file as a result of the verification from the source of the inaccurate information, and their own failure to conduct a proper, reasonable reinvestigation of the inaccurate information.

9.   As a result of the negative and inaccurate credit reporting, the Plaintiff's credit score continues to be adversely affected, and the Plaintiff's credit reputation was and continues to be wrongfully damaged.

10.  "The duty to correct an incomplete or inaccurate report equally extends to the discovery of both inaccurate or incomplete consumer information and to the discovery of consumer information that is materially misleading." *Boggio v. USAA Fed. Saving Bank*, 696 F.3d 611, 614 (6th Cir. 2012).

11. Consumer reporting agencies pursuant to Section 1681e(b) of the Fair Credit Reporting Act are required to "follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report." *Nelski v. Trans Union, LLC*, 86 F.App'x 840, 844 (6th Cir. 2004).  Under this section, "liability flows only from a 'failure to follow (1) reasonable procedures (2) to assume maximum possible accuracy of the information (3) concerning the individual about whom the information relates. *Id* at 844. The reasonableness standard is "what a reasonably prudent person would do under the circumstances." *Id* at 844.

12. The Sixth Circuit has established that the elements necessary to assert a claim under 1681e(b) involve a Plaintiff proving (1) the Defendants each separately reported inaccurate information about the Plaintiff; (2) the Defendants either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the Plaintiff; (3) the Plaintiff was injured; and (4) the Defendants' conduct was the proximate cause of the Plaintiff's injury.  *Nelski* at 844.

13. A credit report is "inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect."  *Poore v. Sterling Testing Systems, Inc.,* 410 F.Supp.2d 557 (E.D.Ky. 2006) See also *Dickens v. Trans Union Corp*., 18 F.App'x 315, 318 (6th Circ. 2001).

14. An FCRA violation occurs when CRAs such as Equifax provide information that creates a "materially misleading impression," that omits material to create "incomplete or inaccurate" information, or even when a furnisher fails to identify that a consumer has disputed his information, when the dispute is a bona fide one that "could materially alter how the reported debt is understood."  *Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611, 617-18 (6th Cir. 2012).

15. The Plaintiff's seeks equitable damages, including correction of the subject trade line from the Plaintiff's credit report, along with monetary damages, both actual, punitive, and statutory due to the failure of the Defendants to properly modify the account information at issue, in whatever amount a jury finds Defendants liable, plus attorney fees, litigation costs, and court costs.


## COUNT I- VIOLATION OF THE FAIR CREDIT REPORTING ACT ACT BY DEFENDANT EQUIFAX INFORMATION SERVICES LLC

16. Plaintiffs incorporates by reference the aforementioned allegations as if restated fully herein word for word.

17. The Defendant prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced a consumer report regarding the Plaintiff as defined under 15 U.S.C. §1681a.

18. The referenced report contained information about the Plaintiffs that was false, misleading, and inaccurate.

19. By failing and/or refusing to properly investigate the Plaintiff's dispute, and/or subsequently altering the Plaintiff's credit report to reflect incorrect information or otherwise not making the required corrections, Equifax willfully refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff in violation of 15 U.S.C. § 1681e(b).

20. In the alternative, Equifax negligently refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff in violation of 15 U.S.C. § 1681e(b).

21. After receiving the Plaintiff's consumer dispute, Equifax willfully failed to conduct a *reasonable* investigation thereof as required by 15 U.S.C. § 1681i, such verified by the fact that Equifax failed to properly update the account information at issue.

22. In the alternative, Equifax negligently failed to conduct a reasonable

investigation as required by 15 U.S.C. § 1681i for the foregoing reasons.

23. In this instance, it is clear and obvious that Equifax (1) reported inaccurate information about the referenced Credit Acceptance account, (2) the Defendant either negligently or willfully failed to provide a response to the Plaintiff's dispute within the allotted time period, (3) the Defendant either negligently or willfully failed to modify that account information and/or modified it following the Plaintiff's dispute in such a way as to only enhance the previous misreporting of the account, (4) the Plaintiff is now being injured by reporting on the account which misidentifies it, and (5) but for the Defendants' conduct, that injury would not have occurred.  As a result, the Defendants are clearly in violation of § 1681e(b)

24. There is simply no doubt in this instance that the information currently being furnished by Equifax creates a materially misleading impression that he still owes a current balance to Credit Acceptance Corporation when in fact he owes them nothing.

25. As a direct and proximate cause of Equifax's failure to perform their required duties under the FCRA, the Plaintiff's has suffered actual damages, including potential denial of credit, reduced opportunity for credit, increased costs, interest, and fees for credit, along with emotional distress, humiliation, and embarrassment.

26. False information was and continues to be furnished by the Defendant.

27. Upon reinvestigation, Equifax reported erroneous credit information and consciously avoided knowing that the credit information was inaccurate in violation of the FCRA, 15 U.S.C. §1681s2(b).

28. Equifax is liable to the Plaintiff by reason of their violations of the FCRA in an amount to be determined by a jury together with her reasonable attorneys' fees

pursuant to 15 U.S.C. § 1681o.

## COUNT II- DEFAMATION

29. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

30. The Defendants caused to be published one or more written false statements which were intended to impeach the Plaintiff's honesty, integrity, credit worthiness, and/or reputation.

31. The Plaintiff is not a public figure.

32. The statements by the Defendants to the public represent a slur on the Plaintiff's character by each, including her honesty, integrity, virtue, or reputation, as well as her credit worthiness.

33. The defamatory statements resulted in damages to the Plaintiff.

## DEMAND FOR JUDGMENT AND RELIEF

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A)     Statutory and actual damages in an amount to be determined by the Court.

(B)     Deletion or correction of any and all accounts being wrongfully reported by the Defendants.

(C)     Statutory costs and attorney fees under the FCRA.

(D)     Injunctive relief, including but not limited to correction of the account.

(E)     Compensatory and/or punitive damages.

(F)     Any other relief which the Court deems appropriate

**Demand for Trial by Jury**

Plaintiff's demands trial by jury.

LAW OFFICES OF NICHOLAS A. REYNA

Respectfully,

Date:  September 29, 2023              /s/ Nicholas A. Reyna
                                       Nicholas A. Reyna (P68328)
                                       Law Offices of Nicholas Reyna
                                       Attorney for Plaintiff's
                                       528 Bridge St NW, Ste. 1A
                                       Grand Rapids, MI 49504
                                       (616) 235-4444
                                       nickreyna7@hotmail.com